UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEVON STERLING, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:16-cv-03394-JRS-MJD |
| ) | |
| DUSHAN ZATECKY, Warden of the ) | |
| Pendleton Correctional Facility,[1] ) | |
| ) | |
| Respondent. ) | |

**Order Denying Petition for a Writ of Habeas Corpus,
Denying Certificate of Appealability,
and Directing Entry of Final Judgment**

**I. Introduction**

Devon Sterling, an Indiana prisoner in the custody of Warden Dushan Zatecky at the Pendleton Correctional Facility in Indiana, petitions pursuant to 28 U.S.C. § 2254 for habeas corpus contending his state conviction for murder is constitutionally flawed. Finding no cognizable constitutional error, the Court denies the petition for the reasons explained below. Additionally, a certificate of appealability will not issue.

**II. Scope of Review**

A federal court may grant habeas relief only if a petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). "Under the current regime governing federal habeas corpus for state prison inmates, the

---

[1] On the Court's own motion, and pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, Mr. Sterling's present custodian is substituted as the correct respondent in this action. *See also* Fed. R. Civ. P. 25(d) (providing for automatic substitution of public officers named in their official capacities). The Court has taken judicial notice of the Indiana Department of Correction offender location information available at its public website. Fed. R. Evid. 201(b). The **clerk is directed** to make this substitution on the docket.

inmate must show, so far as bears on this case, that the state court which convicted him unreasonably applied a federal doctrine declared by the United States Supreme Court." *Redmond v. Kingston,* 240 F.3d 590 (7th Cir. 2001) (citing 28 U.S.C. § 2254(d)(1); *Guys v. Taylor*, 529 U.S. 362 (2000); *Morgan v. Krenke*, 232 F.3d 562 (7th Cir. 2000)). Thus, under the 1996 amendments to the substantive habeas corpus statutes, known as the Antiterrorism and Effective Death Penalty Act (AEDPA), "federal courts do not independently analyze the petitioner's claims; federal courts are limited to reviewing the relevant state court ruling on the claims." *Rever v. Acevedo*, 590 F.3d 533, 536 (7th Cir. 2010). "A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner." *Brown v. Payton*, 544 U.S. 131, 141 (2005) (internal citations omitted). "The habeas applicant has the burden of proof to show that the application of federal law was unreasonable." *Harding v. Sternes*, 380 F.3d 1034, 1043 (7th Cir. 2004) (citing *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002)).

Each of the grounds for relief in a habeas corpus action must have first been presented to the highest available state court for review, even if that review is discretionary, before it can be reviewed by a federal court. This exhaustion of state remedies requirement is codified at 28 U.S.C. § 1154(b)(1)(A). *See Resnover v. Pearson*, 965 F.2d 1453, 1458 (7th Cir. 1992) (procedural default "occurs when a claim could have been but was not presented to the state court and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court"). "Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus . . . is the duty to fairly present his federal claims to the state courts." *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). A federal claim is not fairly presented unless the petitioner "put[s] forward operative facts and controlling legal principles." *Simpson v. Battaglia*,

458 F.3d 585, 593 (7th Cir. 2006) (citation and quotation marks omitted). "A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim." *Lewis*, 390 F.3d at 1026.

To sum up the standard of review, "the critical question on the merits of most habeas corpus petitions shifted [following enactment of the AEDPA] from whether the petitioner was in custody in violation of the Constitution, laws, or treaties of the United States to a much narrower question: whether the decision of the state court keeping the petitioner in custody was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts . . . .'" *Avila v. Richardson*, 751 F.3d 534, 535 (7th Cir. 2014) (quoting 28 U.S.C. § 2254(d)).

> A decision is contrary to clearly established federal law if the state court applies a rule that conflicts with a rule identified by the Supreme Court, or if the state court reaches a different conclusion than the Supreme Court in a case with materially indistinguishable facts. *Williams v. Taylor,* 529 U.S. 362, 405-06 (2000). A decision involves an unreasonable application of clearly established law if the state court "identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. Under both tests, mere error is not sufficient; a state court's decision must be "objectively unreasonable." *Lockyer v. Andrade,* 538 U.S. 63, 76, 123 S. Ct. 1166, 155 L.Ed.2d 144 (2003).

*Simonson v. Hepp*, 549 F.3d 1101, 1105-06 (7th Cir. 2008).

### III. Timeliness of Petition

Independent of whether the grounds for relief asserted in the petition have been exhausted in state court prior to the commencement of the habeas action is the question of timeliness. "Under 28 U.S.C. § 2244(d)(1)(A), a state prisoner seeking federal habeas relief has just one year after his conviction becomes final in state court to file his federal petition." *Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015). In this case, respondent does not contend that Mr. Sterling's petition is

untimely. This Court's review of the filing and disposition dates of Mr. Sterlings's state court challenges to his conviction do not raise any timeliness concerns. The petition is timely pursuant to 28 U.S.C. § 2244(d)(1)(A).

## IV. Procedural History

Mr. Sterling was charged by the State of Indiana with murder and attempted murder in Marion County Superior Court case number 49G01-0706-MR-105725. He was tried by jury in the fall of 2008 before The Honorable Tanya Walton Pratt, then a Superior Court judge. The jury was unable to reach a verdict, and a re-trial occurred in 2009 before Marion County Superior Court Judge Kurt Eisgruber. Mr. Sterling was acquitted of attempted murder but convicted of murder. A sentence of sixty years imprisonment was imposed.

A direct appeal was taken to the Indiana Court of Appeals, which affirmed Mr. Sterling's conviction and sentence in all respects. *Sterling v. State*, 931 N.E.2d 441 (Ind. Ct. App. 2010) (unpub. mem. decision; text in Westlaw). The Indiana Supreme Court denied transfer on December 9, 2010. *Sterling v. State*, 940 N.E.2d 831 (Ind. 2010) (unpub. order; text in Westlaw). Review by the Supreme Court of the United States by means of a petition for a writ of certiorari was not attempted.

On April 4, 2011, Mr. Sterling commenced state post-conviction relief attempts in the trial court. He received evidentiary hearings on some of his claims, and witnesses included his trial attorneys from both jury trials who testified about their strategy and defense theories. The trial court denied post-conviction relief and entered findings of fact and conclusions of law on December 8, 2014. The Indiana Court of Appeals affirmed the denial of post-conviction relief. *Sterling v. State*, 42 N.E.3d 587 (Ind. Ct. App. 2015) (unpub. decision; text in Westlaw). On May 12, 2016, the Indiana Supreme Court denied transfer. *Sterling v. State,* 50 N.E.3d 147 (Ind.

2016) (table in Westlaw). Again, Mr. Sterling did not seek review in the Supreme Court of the United States.

Respondent agrees that Mr. Sterling's available state remedies are exhausted.

On December 16, 2018, Mr. Sterling commenced this petition for a writ of habeas corpus, asserting seven grounds for relief.

### V. Facts of the Case

Federal district court review of a habeas corpus petition presumes all factual findings of the state courts to be correct, absent clear and convincing evidence to the contrary. *See Daniels v. Knight*, 476 F.3d 426, 434 (7th Cir. 2007). The facts of Mr. Sterling's case, as taken from the Indiana Court of Appeals' decision on direct appeal, are these:

> On June 8, 2007, Sterling was attending the same neighborhood block party as the decedent, Dewayne Butts. Several months before, there had been a dispute between Dewayne and Sterling's father concerning the ownership of a dog that, at the time, Dewayne had at his mother's home. A physical argument ensued between Dewayne and Sterling's father, and the dog was given to the Sterlings. Because of this prior confrontation, both Dewayne and his girlfriend, Marie Ball, were familiar with Sterling at the time of the block party.
> Before leaving the block party, Dewayne and Sterling had a tense encounter and had to be separated by Marie. Dewayne and Marie headed to her vehicle, accompanied by Marie's daughter, DeAsia, and Dewayne's mother, Judy Butts, and her niece, Rockita Brown. Before leaving, while all five were seated inside Marie's vehicle, Dewayne and Marie were both shot multiple times. The shooter, standing outside the passenger's window, was later identified by both Marie and Rockita as Sterling. Dehaven Butts, who was standing near the vehicle at the time of the shooting, identified Sterling as the man he witnessed running from the vehicle in the moments after the shooting. Dewayne died as a result of the gunshot wounds.
> Sterling turned himself into police on June 10, 2007, and was accompanied by his family, who had retained counsel for him. Detective David Labanauskas was aware that they were awaiting the arrival of counsel, but the interrogation proceeded when Detective Labanauskas learned that the attorney had been delayed. The State subsequently charged Sterling with the murder of Dewayne and the attempted murder of Marie.

*Sterling v. State*, 2010 WL 3160926, *1 (Ind. Ct. App. Aug. 11, 2010) (unpub. dec.; text in Westlaw).

5

## V. Grounds for Relief

Mr. Sterling, as noted above, presents seven grounds for relief. Four of the grounds can be combined to result in five distinct claims, but the Court will assess them separately. Respondent contends that some of the grounds are procedurally defaulted or are claims not cognizable in a federal habeas corpus proceeding, or alternatively, are harmless error. The Court will discuss the procedural status and/or the merits of each ground in turn.

### A. Prosecutorial Misconduct

In his first ground for relief, Mr. Sterling argues that the trial prosecutor's closing argument was improper because it accused defense counsel of trying to confuse and mislead the jury, it demeaned defense counsel's arguments as designed to deceive the jury and confuse it on the definition of reasonable doubt, and accused defense counsel of trying to create an illusion of reasonable doubt. Mr. Sterling admits that he did not raise this issue during his direct appeal to the Indiana Court of Appeals, but asserts that it was a basis for his ineffective assistance of counsel claim raised during his state post-conviction proceedings. Dkt. 1, p. 6. A review of the record reflects that Mr. Sterling did not raise prosecutorial misconduct as a free-standing claim, but used it as a basis for his ineffective assistance of counsel claim. Respondent argues that for this reason, the claim is not procedurally exhausted. *See* Dkt. 12, p. 26.

The specific portion of the prosecutor's closing argument that forms the basis for Mr. Sterling's prosecutorial conduct claims is this:

> [Defense counsel] Hammerle is very, very good. I've been doing this a long time, and I like to think I'm pretty good at this. He's very good. But you know what? Think about some of the things that were done there. Think about some of the questions. I had to write them down. I don't usually have any notes, but I wrote them down. I can't – I can't characterize it any other way than an effort to confuse you or deceive you. He asked questions to the detective: Did Marie ever tell you that in her statement that the person that did it was the guy with the dog, the guy with the dog incident? No. Why do you ask that question? No. Because he's got to

> get you to believe that she's lying. Do you know what she said? It was the guy who Wayne hit with the nose. Aren't they the same people? Wasn't it the same person? Why does he ask you that question unless he's trying to confuse you, make Marie out to be somebody who can't remember or is telling you – not telling you the truth. It was the same person. She didn't say it was the dog incident, no. She said it was the guy who Dewayne hit, his dad, with the nose. Aren't those the same people? But why do that unless he's trying to mislead you? You know, the glasses. Marie, you wear glasses, don't you. He sits up there the whole time, he has her read the whole time and then tries to persuade you that she's got some vision problem so she couldn't identify anybody. She didn't have any problem reading anything that was there, but it's trying to confuse you. Poor Rockita. One of the other things he said: Rockita, well, didn't Judy pull you down after the shots? He knew she didn't pull him [sic] down. He knows that. He's got all those statements – the statement they made to the police, the deposition that was taken by Ms. Devane, the prior hearing, today. He had them all charted. Do you see all the notes (inaudible) there? He's got them all charted like this. He knew very well that Judy didn't pull him down, but he asked her leading questions: Didn't Judy pull you down? Because if she says yes, then he's going, well, then you couldn't possibly have seen. Then do you know what he said? Well, didn't you have your face over here like that? Well, yeah. He knew that. He knew that already. ***You only say those kinds of things when you're a defense attorney if you're trying to confuse, trying to create the illusion of reasonable doubt.*** So when he comes up here in a little bit, he's going to say, you know, you might think [Sterling] did it, but that's not good enough. Maybe he probably did it, but that's not good enough. It's proof beyond a reasonable doubt. You know, maybe he did it, I don't know, but that's not good enough. ***He used these confusion tactics, these lawyer tactics that are designed to try to create the illusion of reasonable doubt*** to confuse you. . . .

State court post-conviction record, evidentiary hearing ex. C, pp. 20-23 (emphasis added).

Trial defense counsel (Mr. Hammerle) did not object to these statements, but instead addressed them in his closing argument:

> If it please the Court, ladies and gentlemen, [Deputy Prosecutor] Cummings. No man in a free country should be denied the right to counsel in a fair trial. No man in a free county shall be denied the right to counsel in a fair trial. Who said that? John Adams. When? When he took up the case of Captain Preston at the Boston Massacre, when everybody told him to stay away from him because the emotions of the community wanted that man convicted, but John Adams knew that founding this country, put into our Constitution, is the fact that if we've got a country worth living in, if we've got a country where we're going to protect our rights, then you've got to stand tall with an accused and he's got the right to counsel. I will not apologize for that. I am proud of it. . . .
>
> . . . .

7

> But let me tell you this: That [Deputy Prosecutor] Cummings would stand here and take issue, that would take issue with me questioning the witnesses? Cross-examination is a Constitutionally guaranteed right. That he would belittle me, make fun of me because I would exercise that right, somehow cast aspersions or doubt that I'm something less or something sinister? This is as [sic] truth-seeking process. . . .

*Id.* at 24-25.

Mr. Sterling contended before the post-conviction trial and appellate court that defense counsel's failure to object, and argue against the prosecutor's statements, was ineffective assistance of counsel. But the trial court and appellate court found otherwise. Endorsing the findings and conclusions of the trial court, the Indiana Court of Appeals held there was no ineffective assistance of counsel:

> At the post-conviction evidentiary hearing, Hammerle stated why he did not object at trial:
>
>> I've been around the horn too many times and tried too many of these type [of] cases where what I'm not going to do, when I still have my day and time to argue, is to get lost and let the jury think that I'm simply whining or can't take a hard shot.
>
> PCR Hearing Transcript at 57.
>
> It is evident Hammerle's strategy to defuse the impact of the deputy prosecutor's statements was not to object, but to specifically address the statements, and Sterling's constitutional rights, during his closing argument. *See Carter v. State*, 738 N.E.2d 665, 676 (Ind. 2000) (noting it was reasonable for defense counsel to decide that objecting to comments made by the State during closing argument "would only agitate the jury when it was so close to getting the case"). Counsel is afforded considerable discretion in choosing strategy and tactics, and we are not persuaded Hammerle's failure to object was unreasonable, and we are therefore not led to a conclusion opposite that reached by the post-conviction court.

*Sterling*, 42 N.E.3d 587, ¶ 14.

To obtain habeas corpus relief on an ineffective assistance of counsel claim based on prosecutorial misconduct – if it were properly procedurally before this Court – Mr. Sterling would have to show that the Indiana Court of Appeals' decision was an objectively unreasonable

application of clearly established Supreme Court precedent to the facts of the case. He has not done so. Pursuant to *Strickland v. Washington*, 466 U.S. 668, 692 (1984), to prevail on an ineffective assistance of counsel claim, a petitioner must show that his counsel's performance was deficient and the deficient performance prejudiced him. The state court found that defense counsel's performance was strategic, not deficient, and this Court cannot say that the state court was wrong.

Because a stand-alone claim of prosecutorial misconduct was never presented to the state courts, this Court will not consider that claim in that posture. Instead, as noted above, it is considered only in the context in which it was presented to the state courts – as a component of an ineffective assistance of counsel claim. (Mr. Sterling presents just such a claim later in his petition. *See* Section V.D., *infra.*)

Habeas corpus relief on Mr. Sterling's first ground for relief, as re-framed in the context of an ineffective assistance of counsel claim, is **denied**.

**B.**    **Ineffective Assistance of Counsel – Failure to Call Certain Witnesses**

Mr. Sterling contends his trial counsel was ineffective for failing to call alibi witnesses who would have corroborated Mr. Sterling's alibi, and for failing to call an eyewitness to the murder who would have testified that the shooter was not Mr. Sterling. This case presents the unusual situation where these witnesses had testified in Mr. Sterling's first trial, with the jury deadlocked at 11-1 for conviction, and counsel making a strategic decision to not use the witnesses at the second trial. It is not a situation where trial counsel failed to investigate or locate potential alibi witnesses. *See Blackmon v. Williams*, 823 F.3d 1088 (7th Cir. 2016) (discussing failure to investigate alibi witnesses). The state post-conviction court and the appellate court summarized each witnesses' first trial testimony and assessed its potential strength and weaknesses for potential

9

use in the second trial, noting that defense counsel was aware of the information and made a specific strategic decision in light of a different defense approach.

One of the potential alibi witnesses would have testified that shortly after the murder Mr. Sterling was trying to hide a gun; others could not say when the murder happened in relation to when Mr. Sterling arrived at their location; another claimed to have seen two men shoot the murder victim, but he came forward sometime after the crime after he learned that Mr. Sterling was his niece's boyfriend and father of her children; others would have corroborated portions of the state's case such as Mr. Sterling being present at the scene. *Sterling v. State,* 42 N.E.3d 587 at ¶ 17. Thus the state courts assessed the claim as whether defense counsel's strategic decision to not call these witnesses, and instead focus on the remaining weaknesses in the prosecution's case, was a decision made within the wide range of professional judgment afforded to defense counsel. Both the trial court and the Court of Appeals found that it was, and that counsel's performance was not deficient. *Id.*

As recited earlier, a state court's decision is contrary to clearly established federal law if the state court applies a rule that conflicts with a rule identified by the Supreme Court, or if the state court reaches a different conclusion than the Supreme Court in a case with materially indistinguishable facts. *Taylor*, 529 U.S. at 405-06. A decision involves an unreasonable application of clearly established law if the state court "identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. Under both tests, mere error is not sufficient; a state court's decision must be "objectively unreasonable." *Lockyer*, 538 U.S. at 76.

This Court cannot say that the state Court of Appeals erroneously applied Supreme Court precedent to this claim. There was no objectively unreasonable state court decision, and Mr. Sterling's second ground for relief is **denied**.

C.     **Ineffective Assistance of Counsel – Failure to Address Inconsistent Testimony**

Mr. Sterling next seeks relief because trial counsel did not address the purported inconsistent testimony of witness Marie Ball. Ball testified at trial that Mr. Sterling committed the murder, but at the sentencing hearing held after the trial, Ball testified that Mr. Sterling's cousin was the murderer. She gave a reason for her inconsistent testimony. Trial counsel failed to address this development or to move for a new trial.

Respondent contends, in sum, that this contention is not procedurally exhausted. The record shows that it was raised as a claim in the initial pro se post-conviction petition, but that after counsel entered the case and filed an amended petition and presented evidence and argument to the trial court, the claim was abandoned. The Court of Appeals did not address it, finding that it was not a freestanding claim of error that it could address. *Sterling v. State,* 42 N.E.3d 587 § III.

The record is somewhat confusing on this issue, but what is clear is that the claim was abandoned at the trial court level by counsel, and the Court of Appeals declined to consider it on state law procedural grounds. The claim is defaulted. *Resnover v. Pearson*, 965 F.2d 1453, 1458 (7th Cir. 1992). Additionally, a "federal habeas court will not review a claim rejected by a state court if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Walker v. Martin*, 562 U.S. 307, 315 (2011) (citation and internal quotation marks omitted). This doctrine is premised on the rule that federal courts have "no power to review a state law determination that is sufficient to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). The state-law ground precluding

11

review by a federal habeas court "may be a substantive rule dispositive of the case, or a procedural barrier to adjudication of the claim on the merits." *Walker*, 562 U.S. at 315.

Habeas corpus relief cannot be granted on a defaulted claim or on a claim defaulted by an independent and adequate state law procedural ground. Therefore Mr. Sterling's third ground for relief is **denied**.

### D. Ineffective Assistance of Counsel – Failure to Object to Prosecutorial Misconduct

In Mr. Sterling's fourth ground for relief, he raises his prosecutorial misconduct claim presented in his first ground for relief as the basis for an ineffective assistance of counsel claim. That procedural context is exactly how the Court addressed the claim, and therefore this ground for relief duplicates the first ground. This fourth ground for relief is **denied** for the same reasons given in Part V.A. of this Order.

### E. State Trial Court Error in Admitting a Pre-Trial Statement and Evidence

Mr. Sterling's fifth and sixth grounds for relief contend that a pre-trial statement he made, after invoking the right to counsel, was improperly admitted into evidence against him. Specifically, testimony about the incriminating statement was given at the first trial. When the second trial was conducted, this evidence was also admitted as well as some testimony apparently given by Mr. Sterling at the first trial. Mr. Sterling also asserts that certain irrelevant physical evidence was admitted at his trial in violation of his rights. The petition for habeas corpus does not set out the specific contents of the incriminating statement, but a review of the state court record indicates that Mr. Sterling acknowledges that he was at the block party, talked to the murder victim at the party, discusses the dog incident, and admits he owned a gun of the type for which similar ammunition was found in the vicinity of the murder. The weapon and the ammunition were unrelated to the murder.

12

These issues were preserved at trial and presented to the Indiana Court of Appeals on direct review. Dkt. 12-3 (state court direct appeal brief). The Court of Appeals assumed that it was error for the trial court to have admitted the pre-trial statement, the prior testimony, and the irrelevant evidence. *Sterling v. State,* 931 N.E.2d 587, § II.

A constitutional error may be harmless when there is significant evidence of guilt such that the erroneously admitted evidence would have an insignificant effect on the factfinder. *Harris v. Thompson,* 698 F.3d 609 (7th Cir. 2012); *Denny v. Gudmanson,* 252 F.3d 896 (7th Cir. 2002). In this light, the Court must once again assess whether the Indiana Court of Appeals' decision finding the assumed error harmless was an unreasonable application of constitutional law to the facts of this case. The Court does not find the Indiana Court of Appeals' decision was unreasonable or contrary to the facts found in the record. The state court cited two witnesses who testified that they were seated inside the victim's vehicle when the shooting started, and they both identified Mr. Sterling with 100% accuracy as the shooter. A third witness identified Mr. Sterling as the person he saw fleeing from the scene just after the shooting. On this undisputed record, this Court cannot say that the Indiana Court of Appeals was unreasonable in its assessment that the assumed error was harmless.

Lastly on this ground for relief, Mr. Sterling also contends that the trial court's admission into evidence the fact that he and the murder victim had an argument related to a dog several months prior to the murder was error. The state Court of Appeals assessed this claim as one of relevance under state law evidentiary rules and denied relief. *Sterling v. State*, 931 N.E.2d 441, pp. 6-7. This Court discerns no federal constitutional violation implicit in this state trial court evidentiary ruling, one left to the discretion of the trial judge, and habeas corpus relief cannot be predicated on such a claim.

A writ of habeas corpus may only issue if the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Therefore, "[e]rrors of state law in and of themselves are not cognizable on habeas review." *Samuel v. Frank*, 525 F.3d 566, 574 (7th Cir. 2008) (citation and quotation marks omitted).

Accordingly, for the reasons discussed in this section, Mr. Sterling's fifth and sixth grounds for relief are **denied**.

### F.     Trial Court Exclusion of Other Suspect

Mr. Sterling's seventh and final ground for relief contends that the trial court abused its discretion when it refused to allow evidence concerning a possible alternate suspect, one identified by a Crime Stoppers tip and an anonymous crime scene witness. This issue was exhausted during Mr. Sterling's direct appeal.

The state Court of Appeals found that Mr. Sterling had failed to provide any connection between this alternate suspect and the circumstances of the murder. Indiana law requires some connection between third party or alternate suspects before a trial court will be required to allow admission of such, evidence. The Court of appeals acknowledged a criminal defendant's Sixth Amendment right to present a defense, but noted that when third parties are suggested as alternate suspects, a defendant must ordinarily connect them to the crime with evidence showing opportunity and motive. *Sterling v. State*, 931 N.E.2d 441, p. 8 (citing *McGaha v. State,* 926 N.E.2d 1050, 1053-54 (Ind. Ct. App. 2010). In Mr. Sterling's case, there was no such connecting evidence.

Moreover, however, the state Court of Appeals held that assuming it was error for this evidence to be excluded, any error was nevertheless harmless because of the overwhelming evidence of guilt described in Section V.E, *supra*. This Court cannot say that the state Court of

Appeals' decision was unreasonable or otherwise violated the standard of review provisions of the AEDPA. Habeas corpus relief on this ground is **denied**.

## VI. Conclusion

The Court has considered each of the grounds for relief presented by Mr. Sterling and carefully studied the trial and post-conviction record. Considered in light of the rigorous standard of review imposed by the AEDPA, this Court cannot say that the Indiana state courts have unreasonably applied controlling constitutional law and, accordingly, the petition for a writ of habeas corpus is denied.

Judgment consistent with this Order shall now enter.

## VII. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts, and 28 U.S.C. § 2253(c), the Court finds that reasonable jurists would not find "it debatable whether the petition states a valid claim of the denial of a constitutional right" or "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED**.

Date: 11/21/2018

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel